Bruce A. Anderson, ISB #3392
ELSAESSER JARZABEK ANDERSON
ELLIOTT & MACDONALD, CHTD.
Attorneys at Law
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID  83815
Tel:    (208) 667-2900
Fax:    (208) 667-2150

Attorney for Debtors and Defendants

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>MICHAEL T. SACKETT and CHANTELL R. SACKETT,<br><br>     Debtors, | Case No: 13-20088-TLM |
| THE CINCINNATI INSURANCE COMPANY, an Ohio corporation,<br><br>     Plaintiff,<br>vs.<br><br>MICHAEL T. SACKETT and CHANTELL R. SACKETT, Idaho citizens, and the marital community comprised thereof,<br><br>     Defendants. | Adversary Proceeding No. 13-07015-TLM |

## MOTION FOR APPROVAL OF COMPROMISE
## AND NOTICE

**NOTICE OF MOTION FOR APPROVAL OF COMPROMISE
AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

**No Objection:** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **twenty-one (21)** days of the date of service of this Notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection:** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection:** The objecting party shall also contact the Court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

MOTION FOR APPROVAL
OF COMPROMISE AND NOTICE     -1-

COME NOW, Michael T. Sackett and Chantell R. Sackett ("Defendants"), by and through their attorney, Bruce A. Anderson of Elsaesser Jarzabek Anderson Elliott & Macdonald, Chtd., and moves this honorable Court pursuant to F.R.B.P. 2002(a)(3), 3007 and 9019(a) for an order approving the following proposed settlement reached between the Defendants and Cincinnati Insurance Company ("Cincinnati") with regard to the Adversary Complaint of Cincinnati Insurance Company [Docket No. 1]. In support thereof the Defendants state as follows:

(a) <u>Settlement and Compromise</u>. Cincinnati Insurance Company filed its Complaint to Determine Dischargeability of Debt [Docket No. 1] on April 28, 2013, in the amount of $593,366.85. Cincinnati asserts that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Debtors deny any exception to discharge. The parties have engaged in extensive negotiations.

The Defendants and Cincinnati Insurance Company have reached an agreement wherein the Defendants agree to pay $5,000.00 in full settlement of Cincinnati Insurance Company's Adversary Complaint.

(b) Defendants Michael T. Sackett and Chantell R. Sackett, have appeared through counsel Bruce A. Anderson, and have proposed and agreed to the following compromise. A true and correct copy of the compromise, entitled Settlement Agreement, is attached hereto as Exhibit A. Such agreement is subject to Court approval herein.

Plaintiff claim a debt is excepted to discharge under 11 U.S.C. § 523(a)(6). Debtors have previously received their discharge on June 21, 2013, at Docket No. 46. It is believed that since the compromise set forth herein only affects Plaintiff Cincinnati Insurance Company, that such settlement should have no adverse effect on the estate and other creditors.

(c) <u>Authority for Approving Compromise</u>. The Court has authorization to approve the compromise pursuant to F.R.B.P. 9019(a).

(d) <u>Payment of Settlement Funds</u>. Payment is as set forth in the attached Settlement Agreement. The payment is in the possession of counsel for the Defendants herein.

(e) <u>Best Interests of the Estate</u>. This is a Chapter 7 bankruptcy case. Any amounts expended or coming from post discharge and in this case exempt funds. In reality, this settlement has no affect on the Chapter 7 bankruptcy estate.

 (f) <u>Objections</u>. Any objections to the proposed settlement shall be filed with the U.S. Bankruptcy Court, United States Bankruptcy Court, 6450 N. Mineral Drive, Coeur d'Alene, Idaho 83815; with copies to counsel.

Wherefore, the Debtors pray for an order approving the settlement of $5,000.00 as set forth in the Settlement Agreement.

DATED this 29th day of April, 2016.

        ELSAESSER JARZABEK ANDERSON
        ELLIOTT & MACDONALD, CHTD.


        <u>/s/ Bruce A. Anderson   </u>
        BRUCE A. ANDERSON

## SETTLEMENT AGREEMENT

THIS AGREEMENT (the "Agreement") is entered into this 26th day of April, 2016, by and between Michael T. Sackett, Chantell R. Sacket (collectively "Defendants"), and Cincinnati Insurance Company ("CIC") – collectively referred to as the ("Parties").

## RECITALS

WHEREAS, Sackett Contracting & Excavating ("Sackett") entered into various contracts for improvements to construction projects;

WHEREAS, under the terms of several contracts for the projects, Sackett was required to provide surety bonds;

WHEREAS, Sackett and the Defendants requested from CIC, and CIC provided, numerous payment and performance bonds on behalf of Sackett for the contracts and projects;

WHEREAS, in exchange for CIC issuing surety bonds on behalf of Sackett, CIC required the Defendants, Priest Lake Storage, LLC, and Sackett & Sackett, LLC (collectively the "Indemnitors"), to execute an Agreement of Indemnity ("Indemnity Agreement"), requiring, *inter alia*, the indemnitors to indemnify CIC for all costs incurred in connection with the bonds issued to Sackett;

WHEREAS, Sackett ceased operations, CIC received numerous claims against the bonds from unpaid vendors of Ssackett and other contracting parties claiming that Sackett did not complete performance of its obligations under the contracts;

WHEREAS, CIC filed suit against the Indemntors in case styled *The Cincinnati Insurance Company v. Sackett, et al.*, 2:12-cv-00264-EJ:-CWD;

WHEREAS, the Defendants filed for Chapter 7 bankruptcy protection and CIC filed an adversary complaint against the Defendants for denial of discharge pursuant to the trust fund provision of the Indemnity Agreement – Adversary Case Number 13-07015-TLM, currently pending in the United States Bankruptcy Court for the District of Idaho (referred to as "CIC's Adversary Lawsuit");

WHEREAS, the Parties have reached a settlement of CIC's Adversary Lawsuit pursuant to the terms set forth below.

## TERMS

NOW THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Defendants and CIC hereby agree as follows:



EXHIBIT A

1. **Recitals.** The recitals are incorporated into the terms of this Agreement.

2. **Amount To Be Paid To CIC.** To resolve CIC's Adversary Lawsuit, the Defendants agree to pay to CIC the total amount of Five Thousand Dollars and 00/100 as follows:

   a. The Defendants shall pay CIC, in cash, $5,000.00 within thirty (30) days of the execution of this Agreement.

   b. The payment shall be made payable to Cincinnati Insurance Company and sent to the following address:

   Michael J. Sams, CPCU, AIC
   Superintendent, Bond Claims
   The Cincinnati Insurance Company
   PO Box 145496
   Cincinnati, OH  45250

3. **Release by CIC and Dismissal of CIC's Adversary Lawsuit.**

   a. Except as limited herein and only if the Defendants are not in default of this Agreement, CIC releases the Defendants of and from the claims brought and alleged in CIC's Adversary Lawsuit.

   b. This Agreement is subject to bankruptcy court approval. Upon execution of this Agreement by the Parties, counsel for Defendants shall prepare the necessary paperwork for the court, including but not limited to a Rule 9019 motion, to dismiss the Adversary Lawsuit subject to the terms of this Agreement.

4. **Release by the Defendants of CIC.**

   a. The Defendants release CIC, its respective officers, agents, directors, employees, attorneys, parents or subsidiaries, affiliated corporations or companies, heirs, executors and administrators and each of them, of and from any and all claims, demands, controversies, actions or causes of action whatsoever, whether known or unknown or asserted or unasserted, which the Defendants had, has or may have against CIC arising under the Indemnity Agreement, the Bonds and the law related any claims they had, has, or may have in the future related to CIC's Adversary Lawsuit.

5. **Governing Law.** This Agreement shall be governed and construed in accordance with the laws of the State of Idaho and any and all disputes relating to or arising out of this Settlement Agreement shall be governed by Idaho Law.

6. **Representation by Counsel.** In connection with the negotiation of this Agreement, the Parties have had the benefit of representation by independent legal counsel and other

professionals of their own choosing. If any portion of this Agreement is found to be invalid or unenforceable, it is the intention of the Parties that the balance of this Agreement shall remain in full force and effect to the fullest extent permitted by law.

7. **Representations and Warranties.** The Defendants and CIC each represent and warrant to the other that they/it have not assigned or transferred in any way any of the claims or causes of action that are the subject of this Agreement.

8. **Modification.** This Agreement may not be modified in any manner except by an instrument in writing signed by the Parties hereto.

9. **Successors and Assigns.** This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, personal representatives and assigns.

10. **Severability.** The invalidity of any covenant, restriction, condition, limitation or any other part or provision of this Agreement shall not impair or affect in any manner the validity, enforceability or effect of the remainder thereof.

11. This Agreement shall not in any way be deemed or constitute an admission of liability or of any error or omission by the Defendants or CIC.

12. This Agreement may be executed in multiple counterparts, each of which shall be an original and all of which shall constitute one and the same instrument. The Parties hereto stipulate that facsimile signatures shall be deemed originals.

13. This Agreement represents the entire agreement between the Parties regarding the subject matter hereof and all prior understandings and agreements regarding the subject matter hereof have been incorporated herein.

14. CIC and the Defendants hereby stipulate and acknowledge that this Agreement was entered into in good faith in order to resolve substantially contested claims and this Agreement was a result of extensive ongoing settlement negotiations between counsel for the Parties.

15. This Agreement, and each of its provisions, shall be construed as having been drafted jointly by the Parties, and no presumption shall apply to construe the language for or against any of the Parties.

SIGNATURE PAGE TO DEFENDANTS AND CIC SETTLEMENT AGREEMENT

SIGNED THIS DAY AND YEAR AS NOTED BELOW.

| | |
|---|---|
| **CINCINNATI INSURANCE COMPANY**<br>By: __Michael J. Sams__ | SUBSCRIBED and SWORN to before me this _____ day of April, 2016.<br><br>_____<br>Notary Public |
| Michael Sackett<br><br>By: _____ | SUBSCRIBED and SWORN to before me this _____ day of April, 2016.<br><br>_____<br>Notary Public |
| Chantell Sackett<br><br>By: _[signature]_ | SUBSCRIBED and SWORN to before me this 26th day of April, 2016.<br><br>_[signature]_ Deena M. Anderson<br>Notary Public<br>Residing at: HAYDEN ID<br>Expires: 1/27/2021<br><br>[Notary Seal: DEENA M. ANDERSON, NOTARY PUBLIC, STATE OF IDAHO] |

4